UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2023
```

SIMCHA GRINBLAT, *individually and on behalf of all others similarly situated*,

                    Plaintiff,

v.

FRONTLINE ASSET STRATEGIES, LLC. and LVNV FUNDING, LLC,

                     Defendants.

7:22-CV-4467 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Simcha Grinblat ("Plaintiff") initiates this class action lawsuit against LVNV Funding, LLC, ("LVNV"), and Frontline Asset Strategies, LLC ("FAS"), (collectively, "Defendants"), alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by sending an undated collection letter and misleading Plaintiff regarding the specifics of his debt and his rights under the FDCPA. (ECF No. 1, Complaint "Compl.".) Currently under the Court's consideration is Defendants' motion to dismiss Plaintiff's Complaint (the "Motion"). (ECF No. 10.) After a careful examination of the applicable law and the facts alleged by Plaintiff, the Court GRANTS the Motion and dismisses Plaintiff's claims for violation of 15 §§ U.S.C. §1692d.1692e, 1692f, and 1692g without prejudice.

## BACKGROUND

    **I.**    **Procedural Background**

1

On March 31, 2022, Plaintiff filed this class-action lawsuit alleging that FAS and LVNV violated 15 U.S.C. §1692d, §1692e, §1692f, and §1692g. (Compl. ¶¶ 60-81.) Plaintiff seeks damages and declaratory relief on behalf of himself and a class of consumers. (*Id.* ¶¶ 1-6.)

On January 5, 2023, and with the consent of the Court, Defendants filed a motion to dismiss Plaintiff's Complaint (ECF No. 17) and a brief in support of their motion (ECF No. 18). Plaintiff filed an opposition to Defendant's Motion (ECF No. 15), and Defendants filed their reply (ECF No. 14.)

## II.     Factual Background

The following facts are drawn from Plaintiff's Complaint, and they are accepted as true for the purposes of this motion.

Prior to March 20, 2021, Plaintiff incurred debt from Capital One Bank, a "creditor," which subsequently went into default due to missed payments. (Compl. ¶¶ 1-2.) The debt was then acquired by LVNV, a "debt collector," and placed with FAS, another "debt collector." for collections. (*Id.* ¶ 3.)

Sometime thereafter, FAS sent an undated letter (the "Letter") to Plaintiff, attempting to collect the outstanding balance of the debt, which was specified on the Letter as $16,294.72 as of March 20, 2021. (*Id.* ¶¶ 4-5.) The Letter mentioned no new charges or payments since March 20, 2021, and provided a specific date, May 23, 2022, for Plaintiff to dispute all or part of the debt, noting that FAS must stop collection on any amount Plaintiff disputed until FAS sent Plaintiff information showing that Plaintiff owed the debt. (*Id.* ¶¶ 6-8, Exhibit A.) However, the Letter did not specify how this March 23, 2022 date was determined, nor did it specify that Plaintiff had 30 days from the date of receiving the letter to exercise his rights, as Plaintiff alleges is required under the Fair Debt Collection Practices Act (FDCPA). (*Id.* ¶¶ 9-10.) Plaintiff alleges that these

omissions "caused Plaintiff to expend time… to ascertain what his options and possible responses could or should be." (*Id.* ¶¶ 45-59.)

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss under 12(b)(6) for "failure to state a claim upon which relief can be granted," the "Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor." *Wargo v. Hillshire Brands Co.,* 599 F. Supp. 3d 164 at 171 (S.D.N.Y. 2022). In order to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 at 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* However, "threadbare recitals of the elements cause of action, supported by mere conclusory statements, do not suffice" because "we are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* When applying these principles, the court should consider the specific facts that have been alleged in the complaint to determine if it is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

### I. Article III Standing Requirements

   a. *The Court may address the issue of article III standing sua sponte.*

Article III of the United States Constitution limits the Court's judicial powers to resolving "cases or controversies." U.S. Const. art. III. "To establish standing under Article III of the

Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). The Court must ascertain whether the Complaint "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017)

Although Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court is obligated to consider *sua sponte* constitutional Article III standing to ensure that it possesses jurisdiction. *See Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008) (courts are "required to raise" threshold jurisdictional issues "*sua sponte*") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005) (where plaintiffs lack Article III standing, a court "has no subject matter jurisdiction to hear their claim" and so should raise the issue *sua sponte*); *Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003) ("Indeed, if the parties do not call a jurisdictional defect to the attention of the court, the court has the duty to raise it *sua sponte*.") (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)); *Simmonds v. I.N.S.*, 326 F.3d 351, 358 n.8 (2d Cir. 2003) ("Article III ripeness is a constitutionally mandated jurisdictional prerequisite, and so its absence must be noted by a court *sua sponte*.") (citing *Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998)); *All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) ("Article III standing must be decided before the merits.").[1]

---

[1] The Court also notes that, although Defendants did not specifically raise the issue of standing in their briefing, they offered separate authority following its briefing of a case where claims identical to those of Plaintiff's here were dismissed for lack of standing; this case is *Bemero v. Lloyd & McDaniel, PLC*, No. 22 C 6436, 2023 WL 3169772, at *3 (N.D. Ill. Apr. 28, 2023). (*See* ECF No**. 22.**)

4

> *b. In order to have standing, Plaintiff must allege that he suffered a concrete, particularized injury when claiming that Defendants violated the FDCPA.*

To have standing, Plaintiff must allege that he suffered a concrete, particularized injury when claiming that Defendants violated the FDCPA. The Supreme Court most recently addressed the issue of constitutional standing in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), where Justice Kavanaugh, writing for the majority, stated "[no concrete harm, no standing." He further articulated that a plaintiff's assertion of harm must closely relate to traditionally recognized harms, such as physical, monetary, or reputational damages, for a lawsuit to proceed. *Id.*[2]

The Second Circuit addressed the implications of *TransUnion* in *Maddox v. Bank of N.Y. Mellon Tr. Co.*, N.A., 19 F.4th 58 (2d Cir. 2021). Reversing its previous decision, the Second Circuit court concluded that a mere violation of statutory rights was insufficient to confer standing; it clarified that plaintiffs alleging a violation of statutory rights must demonstrate this violation caused Plaintiff actual harm, either reputational or monetary. *Maddox II*, 19 F.4th at 64–65.

Following the *Maddox II* decision, district courts in the Second Circuit have applied the principle that a plaintiff must suffer a concrete harm to have standing to the cases before them, including in the realm of financial credit. For instance, in *Rosario v. Icon Burger Acquisition LLC*, the court dismissed the plaintiff's claims on the basis that they could not plausibly claim a concrete harm resulting from delayed wage payments, writing, "absent factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing."

---

[2] In *TransUnion*, the Court distinguished between plaintiffs whose credit reports were inaccurately flagged and disseminated, and those whose reports were inaccurately flagged but not disseminated. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). The Court ruled that only the former had standing, because the defamation-like harm they suffered conferred standing. *Id.*, at 2208–09. The rest, who had not demonstrated any harm from non-disseminated inaccurate reports, could not establish standing. *Id.*, at 2209–13.

*Rosario v. Icon Burger Acquisition LLC*, No. 21-CV-4313, 2022 WL 198503, at *3 (E.D.N.Y. Jan. 21, 2022). Likewise, in *Williams v. Portfolio Recovery Assocs., LLC*, the court found that providing inaccurate credit data to a third party did not constitute sufficient harm to establish standing, as plaintiffs did not allege a tangible harm. *Williams v. Portfolio Recovery Assocs., LLC*, Nos. 21-CV-5656, 21-CV-5662, 21-CV-5968, 21-CV-5970, 2022 WL 256510 (E.D.N.Y. Jan. 27, 2022). Moreover, this same principle has been applied in the context of the Fair Credit Reporting Act (FCRA), an analogous statute to the FDCPA. In *Zlotnick v. Equifax Info. Servs., LLC*, for instance, the court ruled that "conclusory assertions" of "mental and emotional pain," without more concrete evidence, could not confer standing. *Zlotnick v. Equifax Info. Servs., LLC*, F. Supp. 3d, 2022 WL 351996 (E.D.N.Y. Feb. 3, 2022).

**II.     Plaintiff has not sufficiently alleged standing under Article III, as he has failed to establish that he suffered a "concrete, particularized harm."**

Plaintiff's Complaint is composed of allegations of harm allegedly incurred due to Defendants' failure to date the collection letter. Specifically, he alleges that Defendants' actions "caused [him] to expend time to ascertain his options and possible responses," impaired his ability to intelligently respond to Defendants' collection efforts," and generally "confused and misled" him. (Compl. ¶¶ 53-57.) According to Plaintiff, these grievances amount to a "concrete and particularized harm." (*See Id.* ¶¶ 42-59.)

A careful examination of these allegations reveals that they fail to assert a concrete, particularized harm. Plaintiff's narrative, though rife with references to "concrete and particularized harm," offers only conclusory allegations of harm. Indeed, the only cognizable harm Plaintiff asserts is for a loss of time, which he claims has been squandered as a direct consequence of Defendant's actions. (*See id.* ¶ 53.) However, the expenditure of time alone is insufficient to establish standing unless it is inextricably linked to a concrete, tangible injury, which Plaintiff has

not shown here. *See Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 143–44 (E.D.N.Y. 2021) (noting, "[c]ourts have found wasted time to support standing when the wasted time is inextricably bound up in a cognizable injury"). Plaintiff's allegations, which revolve around the undated letter and the confusion that it allegedly incited, thereby fail to demonstrate a substantial, concrete harm, which is the prerequisite for the establishment of Article III standing. *See* Adler v. Penn Credit Corp., No. 19-CV-7084 (KMK), 2022 WL 744031, at 6–8 (S.D.N.Y. Mar. 11, 2022) (noting that, "cases in the Second Circuit brought in the context of financial credits, including claims specifically brought pursuant to both the FDCPA and the FCRA, an analogous statute, have uniformly held that, absent specific evidence of reputational or monetary harm, plaintiffs lack standing under *Transunion*"); *see also J Biener v. Credit Control Servs., Inc.*, No. 21-CV-2809 (KMK), 2023 WL 2504733, at *6 (S.D.N.Y. Mar. 14, 2023) (reiterating the proposition noted above in *Adler*).

Given the absence of a concrete injury, such as a claim of reputational or monetary harm, Plaintiff's assertions fail to meet the threshold required to establish standing under Article III. Thus, the Court dismisses Plaintiff's claims for violation of Sections 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g of the FDCPA without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims for alleged violations of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g is GRANTED without prejudice. Plaintiff is granted leave to file an Amended Complaint on or before September 5, 2023, consistent with this order. Plaintiff is advised that the Amended Complaint will replace, not supplement, the original Complaint. Thus, any claims they wish to pursue must be included in the Amended Complaint. If Plaintiff fails to timely file an Amended Complaint, those claims

dismissed without prejudice by this order will be deemed dismissed with prejudice. Defendants are directed to answer or otherwise respond by October 2, 2023.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 17.

Dated: August 4, 2023　　　　　　　　　　　　　　　　　　　　　So Ordered,
　　　　White Plains, NY

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Nelson S. Roman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court, SDNY